(101 So. 505)

### FLOWERS v. STATE.　(4 Div. 970.)

(Court of Appeals of Alabama.　Aug. 19, 1924. Rehearing Dismissed Oct. 7, 1924.)

Witnesses ⊚⟿331½—Testimony as to occurrences when state's witness took defendant before mayor on similar charge held inadmissible to impeach him.

In prosecution for possessing still, testimony as to occurrences in mayor's court when state's witness took defendant before mayor on charge of violating prohibition law, and his effort to induce defendant to enter plea of guilty therein, held immaterial, and hence inadmissible to impeach witness.

Appeal from Circuit Court, Pike County; Arthur E. Gamble, Judge.

Will Flowers was convicted of possessing a still, and he appeals. Affirmed.

A. G. Seay, of Troy, for appellant.

Testimony as to what took place in mayor's court should have been admitted for the purpose of impeaching witness Connell.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Objections to questions to witness Connell were properly sustained.　22 C. J. 169.

SAMFORD, J.　The evidence connecting defendant with the possession of a complete stilling outfit is direct and positive. If this evidence is true, there is no escape from the conclusion that the defendant is guilty of

the charge. There were three witnesses for the state who testified to the facts. These witnesses were unimpeached and their testimony undisputed except by the testimony of defendant.

Testimony offered by defendant relative to what took place in the mayor's court in Brundidge, at a time when state's witness Connell took defendant before the mayor on a charge of violating prohibition law, and his effort to induce defendant to enter a plea of guilty in the mayor's court, is all immaterial to any issue here and, being immaterial, would not be admissible as impeaching evidence against Connell. A witness may not be impeached on immaterial matter.

The rulings of the court upon the other questions to which exceptions were reserved could not possibly have affected the substantial rights of defendant; the verdict being so clearly supported by the overwhelming weight of the evidence.

We find no error in the record, and the judgment is affirmed.

Affirmed.